UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on August 1, 2024

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| v. | : | **MAGISTRATE NO. 25-MJ-00024** |
| **DAVID ANDREW WILLIAMS,** | : | **VIOLATIONS:** |
| **Defendant.** | : | 18 U.S.C. § 1951(a) |
| | : | (Interference with Interstate Commerce by Robbery) |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | (Using, Carrying, and Brandishing a Firearm During, and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | D.C. Code § 22-4503(a)(1), (b)(1) |
| | : | (Unlawful Possession of a Firearm (Prior Conviction)) |
| | : | **FORFEITURE:** 18 U.S.C. § 924(d), 21 U.S.C. §§ 853(a) and (p), and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about December 30, 2024, within the District of Columbia, **DAVID ANDREW WILLIAMS**, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18,

United States Code, Section 1951, in that **DAVID ANDREW WILLIAMS**, did unlawfully take and obtain, and attempt to take and obtain, property consisting of United States currency from Manny and Olga's Pizza, in the vicinity of 1430 Pennsylvania Avenue Southeast, Washington, District of Columbia, from the presence of an employee, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person, while the employee was engaged in commercial activities as an employee of Manny and Olga's Pizza, a business that was engaged in and affecting interstate commerce.

 (**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Sections 1951(a))

## COUNT TWO

On or about December 30, 2024, within the District of Columbia, **DAVID ANDREW WILLIAMS** did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, as charged in Count One of this Indictment, which is incorporated herein, a firearm.

 (**Using, Carrying, Possessing, and Brandishing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT THREE

On or about December 30, 2024, within the District of Columbia, **DAVID ANDREW WILLIAMS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2011-CF3-016420, and 2010-CF3-005739, did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

On or about December 30, 2024, within the District of Columbia, **DAVID ANDREW WILLIAMS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2011-CF3-016420, and 2010-CF3-005739, owned, kept, and had within his possession and control, a firearm.

**(Unlawful Possession of a Firearm (Prior Conviction))**, in violation of 22 D.C. Code, Sections 4503(a)(1), (b)(1))

## COUNT FIVE

On or about February 3, 2025, within the District of Columbia, **DAVID ANDREW WILLIAMS**, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951(a), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DAVID ANDREW WILLIAMS**, did unlawfully take and obtain, and attempt to take and obtain, property consisting of United States currency from Dunkin' Donuts, in the vicinity of 850 Quincy Street Northwest, Washington, District of Columbia, from the presence an employee, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person, while the employee was engaged in commercial activities as an employee of Dunkin' Donuts, a business that was engaged in and affecting interstate commerce.

**(Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Sections 1951(a))

## COUNT SIX

On or about February 3, 2025, within the District of Columbia, **DAVID ANDREW WILLIAMS**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, as charged in Count Five of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, and Brandishing a Firearm During, and in Relation to, and Possessing a Firearm in Furtherance of a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT SEVEN

On or about February 3, 2025, within the District of Columbia, **DAVID ANDREW WILLIAMS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2011-CF3-016420, and 2010-CF3-005739, did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT EIGHT

On or about February 3, 2025, within the District of Columbia, **DAVID ANDREW WILLIAMS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2011-CF3-016420, and 2010-CF3-005739, owned, kept, and had within his possession and control, a firearm.

**(Unlawful Possession of a Firearm (Prior Conviction))**, in violation of 22 D.C. Code, Sections 4503(a)(1), (b)(1))

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Counts One, Two, Three, Five, Six, and Seven of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses.

2.  Upon conviction of the offenses alleged in Counts One, Two, Three, Five, Six, and Seven of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

> (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.

*[signature]*

Attorney of the United States in
and for the District of Columbia.